1 DAVID P. MASTAGNI, ESQ. (SBN 57721)
  DAVID E. MASTAGNI, ESQ. (SBN 204244)
2 WILL M. YAMADA, ESQ. (SBN 226669)
  **MASTAGNI, HOLSTEDT, AMICK,**
3 **MILLER, JOHNSEN & UHRHAMMER**
  *A Professional Corporation*
4 1912 "I" Street
  Sacramento, California 95814
5 Telephone: (916) 446-4692
  Facsimile: (916) 447-4614

6 Attorneys for Plaintiffs

7

8              IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| JOSH ADLER, DAVID ALLEN, LEONA ALLEN, MARK ALLEN, SCHYLER BEATY, RICHARD CANALE, LINDA CLARK, MICHAEL DENTE, KAREN EXTRUM, RHETT GANN, ROBERT HEINDL, ROBERT HIGHT III, THERESA HIGHT, JESSICA HLEBAKOS, ROBERT HUMPHREY, REBECCA INMAN, DONNA KINGMAN-SILVA, BRYAN KUHLMANN, SHANNON LANEY, DEANNA LEWIS, RICK MARTINEZ, BRIAN MCGUCKIN, ALLEN MOLESWORTH, CHARLES OWENS, JEFF REAGAN, ROBERT REFER, KORY RODRIGUEZ, ALEX SCHUMACHER, BRODIE SEAGRAVE, CANDICE SILVA, CHRISTINE SNEAD, ROD ST. CLAIR, MARK TAPPEN, PHILLIP WILLIAMS, SCOTT WILLSON, acting for themselves and others similarly situated<br><br>                 Plaintiffs<br>    v.<br><br>CITY OF SOUTH LAKE TAHOE,<br>                 Defendant. | CASE NO. 2:05-cv-0918-MCE-GGH<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND ORDER THEREON** |

# STIPULATION

The Plaintiffs and Defendant in the above-captioned action hereby stipulate as follows:

1. Plaintiffs Josh Adler, et al. (collectively "Plaintiffs") are presently or were previously employed by the City of South Lake Tahoe ("Defendant"). In addition to the Plaintiffs individually-named on the caption, Gregory Evans and Johnny Poland have joined as Plaintiffs. Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiffs filed the above captioned action ("Action") arising out of certain events that allegedly occurred during their employment by the City of South Lake Tahoe.

3. Plaintiffs' Complaint to the Action for violation of the Fair Labor Standards Act ("Complaint"), alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA"). The Complaint seeks recovery of allegedly unpaid overtime, liquidated damages, attorneys' fees and costs. The Court has jurisdiction over the subject matter of this action and over the parties.

4. The Defendant filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto.

5. The Court has not certified the Action as a collective action nor has notice been sent to any potential class members providing them with the opportunity to either "opt-in" or "opt-out" of the Action.

6. The Plaintiffs' claims are in all respects controverted, and the Parties dispute whether FLSA cases are subject to class actions, the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages; and

7. The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to

1     be, represented by counsel experienced in wage and employment matters.

2  8.   The Parties wish to avoid the potential uncertainty, expense and delay of litigation
3     and have therefore, based upon their extensive negotiations, agreed to a
4     settlement of the Parties' dispute. The terms of the Parties' agreement are
5     embodied in the Settlement Agreement and General Release of All Claims
6     ("Settlement Agreement") which all Parties have executed. A copy of the
7     Settlement Agreement is attached hereto and incorporated herein;

8  9.   Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties
9     believe that the terms of the Settlement Agreement are consistent with and within
10    the range of reasonable result that Plaintiffs might expect to obtain after a trial;

11 10.   Courts have determined that the provisions of the FLSA are mandatory and
12     cannot generally be abridged by contract or otherwise waived. *Lynn's Food*
13     *Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However,
14     when employees bring a private action for compensation under the FLSA, and
15     present the district court a proposed settlement, the district court may enter a
16     judgment after scrutinizing the settlement for fairness. *Id.* at 1353;

17 11.   The Parties present the Court with this Stipulation re Approval of Settlement
18     Agreement and Dismissal with Prejudice and [Proposed] Order Thereon
19     ("Stipulation and Order") through which they intend to finally resolve all claims
20     asserted in this Action based upon the Settlement Agreement;

21 12.   By entering into this Stipulation and requesting Court approval, the Parties do not
22     intend that the Court should make any findings or determination regarding the
23     Defendant's alleged violation of the FLSA, or any other federal or state law,
24     regulation, order, or rule. This Stipulation and Order, and any exhibits and any
25     other documents or written materials prepared in conjunction with this Stipulation
26     and Order, should not constitute evidence of, or any admission of, any violation of

27

1  the FLSA, or any other federal or state law, regulation, order, or rule by any
2  Party.
3  13. The Parties jointly request the Court approve of and enter the Stipulation and
4  Order; IT IS THEREFORE STIPULATED, by and between the Parties, through
5  their respective counsel, that:
6  1. The Settlement Agreement which is incorporated herein by reference, is
7  fair, reasonable and just in all respects as to the Plaintiffs, and the Court
8  should therefore approve the Settlement Agreement and enter this
9  Stipulation and Order;
10 2. The Court should expressly reserve jurisdiction with respect to this Action
11 for the purposes of enforcing the Settlement Agreement;
12 3. The award of and allocation of costs and attorneys fees should be as
13 provided for in the Settlement Agreement;
14 4. Upon the Court's approval of the Settlement Agreement, this Action
15 should be dismissed with prejudice.

Dated: April __, 2006          **MASTAGNI, HOLSTEDT, AMICK,**
                               **MILLER, JOHNSEN & UHRHAMMER**

                               By:
                               DAVID E. MASTAGNI
                               Attorneys for Plaintiffs

Dated: April __, 2006          **LIEBERT, CASSIDY, WHITMORE**

                               By: _____
                               CYNTHIA O'NEILL
                               Attorney for Defendant

                               **ORDER**

**STIPULATION RE APPROVAL OF SETTLEMENT**           -4-           *Adler, et al. v. South Lake Tahoe*
**AGREEMENT AND DISMISSAL WITH PREJUDICE**                        2:05-CV-00918-MCE-GGH

1 The Court has carefully reviewed the Settlement Agreement, and the proposed
2 Stipulation and Order. Based upon a review of the record, and good cause appearing,
3 IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
4  1.  The Settlement Agreement, which is incorporated herein by reference, is
5      approved as fair, reasonable and just in all respects as to the Plaintiffs, and the
6      Parties shall perform the Settlement Agreement in accordance with its terms;
7  2.  The Court expressly reserves jurisdiction with respect to this Action for the
8      purposes of enforcing the Settlement Agreement;
9  3.  The award of and allocation of costs and attorneys fees shall be as provided for
10     in the Settlement Agreement;
11 4.  The Court has made no findings or determination regarding the Defendant's
12     alleged violation of the FLSA, or any other federal or state law, regulation, order,
13     or rule, and this Stipulation and Order and any exhibits and any of the other
14     documents or written materials prepared in conjunction with this Stipulation and
15     Order shall not constitute evidence of, or any admission of, any violation of the
16     FLSA, or any other federal or state law, regulation, order, or rule;
17 5.  This Action is hereby dismissed with prejudice.
18
19 Dated: June 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE